IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ROBERT MILLER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Civil No. 19-12282 (RMB)<br><br>**MEMORANDUM OPINION & ORDER** |

**APPEARANCES:**

RICHARD LOWELL FRANKEL
BROSS & FRANKEL, PA
725 KENILWORTH AVENUE
CHERRY HILL, NEW JERSEY 08002
　　　*For Plaintiff*

JOANNE KELLEY KERNICKY
NAOMI B. MENDELSOHN
SOCIAL SECURITY ADMINISTRATION
OFFICE OF GENERAL COUNSEL
300 SPRING GARDEN STREET, 6TH FLOOR
PHILADELPHIA, PENNSYLVANIA 19123
　　　*For Defendant*

**RENÉE MARIE BUMB, United States District Judge**

　　This matter comes before the Court on Plaintiff Robert Miller's appeal from a denial of social security benefits. For the reasons set forth below, the Court will vacate the decision of the Administrative Law Judge ("ALJ") and remand for proceedings consistence with this Opinion's reasoning.

## I. STANDARD OF REVIEW

When reviewing a final decision of an ALJ with regard to disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197 (1938)); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. See Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000). The Court's review of legal issues is plenary. Sykes, 228 F.3d at 262 (citing Schaudeck v. Comm'r of SSA, 181 F.3d 429, 431 (3d Cir. 1999)).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not

less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states that

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

Id. § 1382(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i-v). The analysis proceeds as follows:

> At step one, the ALJ determines whether the claimant is performing "substantial gainful activity[.]" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he is, he is not disabled. Id. Otherwise, the ALJ moves on to step two.
> At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" Id. §§ 404.1520(c), 416.920(c). If the claimant lacks such an impairment, he is not disabled. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If he has such an impairment, the ALJ moves on to step three.
> At step three, the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations[.]" [Smith v. Comm'r of Soc. Sec., 631 F.3d 632, 634 (3d Cir. 2010).] If the claimant's impairments do, he is

3

> disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If they do not, the ALJ moves on to step four.
> At step four, the ALJ assesses the claimant's "residual functional capacity" ("RFC") and whether he can perform his "past relevant work." Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "[RFC] is the most [he] can still do despite [his] limitations." Id. §§ 404.1545(a)(1), 416.945(a)(1). If the claimant can perform his past relevant work despite his limitations, he is not disabled. Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If he cannot, the ALJ moves on to step five.
> At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] . . . age, education, and work experience[.]" Id. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If he cannot, he is disabled.

Hess v. Comm'r Soc. Sec., 931 F.3d 198, 201-02 (3d Cir. 2019).

**II. FACTS**

The Court recites only the facts that are necessary to its determination on appeal, which is narrow.

On July 11, 2014, Plaintiff was in a motor vehicle accident, which allegedly resulted in various physical and mental injuries. [A.R. 668.] In May 2017, Edmond Provder, a Certified Rehabilitation Counselor, conducted an employability and earnings capacity evaluation of Plaintiff. [A.R. 298-336.] Provder evaluated Plaintiff's medical records and diagnostic tests, and characterized his past work and vocational history.

4

[A.R. 307-09, 315-20.] Based on his evaluation, Provder concluded that Plaintiff was "unemployable for any job existing in the competitive labor market." [A.R. 344.]

The ALJ also considered a July 2017 opinion from Dr. Jeffrey Polcer, a D.O. who treated Plaintiff for complaints of neck pain and who concluded that Plaintiff "could do light duty with no lifting, pushing/pulling greater than twenty pounds with no commercial driving." [A.R. 28.] Dr. Polcer also noted on January 3, 2018, that Plaintiff "could return to work full duty without restrictions." [Id.] The ALJ found that these opinions were "generally consistent with the nature of the impairments and relief reported from the treatment" and accorded "some weight" to them. [Id.]

### III. ALJ'S DETERMINATION

The ALJ found Plaintiff not disabled. At Step One, the ALJ determined that Plaintiff had not engaged in substantial gainful employment since the alleged onset date of March 20, 2015. [A.R. 22.] At Step Two, the ALJ found the following severe impairments: spine disorders, vertigo, fibromyalgia, learning disorder, and affective/anxiety disorders. [Id.] The ALJ also addressed whether Plaintiff's alleged carpal tunnel syndrome constituted a disability, concluding "that any carpal tunnel syndrome causes no more than mild limitations, if any, in the

5

claimant's ability to perform basic work activities and is nonsevere." [Id.]

At Step Three the ALJ determined that Plaintiff did not have an impairment that meets or was medically equivalent to the severity of one of the listed impairments in 20 C.F.R. Part 404 P, Appendix 1. [Id.] In reaching this conclusion, the ALJ considered listings 1.04 (disorder of the spine), 1.02 (major dysfunction of a joint), 12.04-06 (mental disorders), and 14.06 (undifferentiated and mixed connective tissue disease).

At Step Four, the ALJ determined Plaintiff's RFC as follows:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that includes the ability to lift/carry up to ten pounds occasionally and less than ten pounds frequently, stand/walk two hours and sit six hours in an eight-hour workday. The claimant can occasionally climb ramps and stairs, balance on wet moving or uneven surfaces and stoop; kneel, crouch; cannot crawl, climb ladders, ropes or scaffolds or work around hazards, including moving mechanical parts or at unprotected heights. The claimant must avoid concentrated exposure to temperature extremes of heat and cold, wetness, and humidity. The claimant can perform simple and routine tasks and will be off task 10% of the workday due to the impairments including having the opportunity to change position.

[A.R. 24.] In making that determination, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence

6

and other evidence." [Id.] The ALJ also determined Plaintiff to be "unable to perform any past relevant work." [A.R. 29.]

At Step Five, the ALJ determined that, "[c]onsidering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." [A.R. 30.] In making this decision, "the [ALJ] asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity." [Id.] However, the ALJ accorded "little weight" to the opinion provided by Plaintiff's vocational expert. [A.R. 28.] The ALJ noted only that the opinion was "not given by an approved medical source or a recognized Social Security Administration vocational expert." [Id. (emphasis in original).]

**IV. ANALYSIS**

Plaintiff puts forth four arguments in support of his request for remand. The Commissioner opposes all four arguments. The Court finds that only one of Plaintiff's arguments, discussed below, warrants a remand. Before discussing that ground, the Court will address Plaintiff's remaining arguments, each of which Plaintiff seemingly abandoned in his reply brief.

First, Plaintiff asserts that the ALJ "failed to consider the neuropsychological evaluation of Dr. Edward Tobe." [Docket

7

No. 8, at 16-18.] But this assertion is not borne out by the ALJ's opinion. The ALJ discussed the evaluation of Dr. Tobe in conjunction with other evaluations, each of which were undertaken for the purpose of supporting Plaintiff's worker's compensation claim. [A.R. 29.] Because Social Security and worker's compensation "have different criteria for evaluation and policy goals," the ALJ found that Dr. Tobe's worker's compensation evaluation warranted only "little to partial weight." [Id.] The Court thus finds that the ALJ's determination with respect to Dr. Tobe's evaluation was appropriate and does not warrant remand.

Second, Plaintiff asserts that the ALJ's evaluation of the opinion of treating psychiatrist James Hewitt was erroneous and warrants remand. [Docket No. 8, at 18-21.] But again the ALJ specifically addressed Dr. Hewitt's opinions and found that they "include overly broad and restrictive limitations" and "insufficient function-by-function assessments." [A.R. 27-28.] The ALJ also found that Dr. Hewitt's opinions "are not supported or consistent with other treatment records." [A.R. 28.] Still, the ALJ accorded the opinions "partial or some weight." [Id.] As above, the Court finds that the ALJ's engagement with the substance of Dr. Hewitt's opinions was sufficient to reach its conclusion. Therefore, Plaintiff's second argument for remand fails.

Third, Plaintiff argues that the "ALJ erred in failing to credit the Plaintiff's hand limitation." [Docket No. 8, at 21-24.] But the ALJ expressly considered and discounted the evidence pertaining to Plaintiff's alleged hand limitations. [A.R. 22.] That analysis is sufficient to support the ALJ's conclusion, as well, and therefore Plaintiff's third argument for remand fails, too.

In sum, each of Plaintiff's first three arguments for remand, which he glaringly avoided in his reply brief, fail. However, Plaintiff also asserts a fourth ground: that the ALJ erred in her evaluation of Plaintiff's vocational expert, Provder. In short, Plaintiff argues that the ALJ's only stated reason for according Provder's opinion "little weight" was because he was not "an approved medical source or a recognized Social Security Administration vocational expert." [Docket No. 8, at 24-25.] Plaintiff points out that "there is no requirement anywhere in the Social Security's regulations that . . . prohibit the submission of independent vocational evidence, or that require that such evidence be derived only from 'a recognized Social Security vocational expert.'" [Id. at 24.] Plaintiff argues that "the ALJ provided no evaluation of [Provder's opinion] on its merits." [Id. at 25.]

The Commissioner counters that Provder cannot give a medical opinion pursuant to 20 C.F.R. §§ 404.1502(a)(7),

9

416.1513. However, the Commissioner also asserts that Provder's opinion "is not a medical opinion at all," which would appear to render its first argument moot. [Docket No. 9, at 15.]

Next, the Commissioner argues that the ALJ adequately considered Provder's opinion. The Commissioner supports this argument by noting that Provder's opinion "is a case dispositive administrative finding expressly reserved to the Commissioner," and thus "was not entitled to 'any special significance.'" [Id. (quoting Dixon v. Comm'r of Soc. Sec., 183 F. App'x 248, 251 (3d Cir. 2006) ("[O]pinions on disability are not medical opinions and are not given any special significance.").] Furthermore, the Commissioner argues that the ALJ appropriately considered Dr. Polcer's opinions instead of Provder's. For those reasons, the Commissioner opines that the ALJ appropriately considered Provder's opinion.

"An ALJ cannot reject evidence for an incorrect or unsupported reason." Zirnsak v. Colvin, 777 F.3d 607, 612-13 (3d Cir. 2014). Therefore, "an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981).

It may be the case that the ALJ considered Provder's opinion in the way that the Commissioner suggests. However, the

ALJ's written decision does not engage with the merits of the evidence in question, but rather judges it solely on the fact that Provder was not an approved medical source or a recognized Social Security Administration vocational expert. The Court agrees with Plaintiff that this is an improper reason for discounting Provder's opinion. This is not merely harmless error; if the ALJ did not consider the contents of Provder's opinion solely for improper reasons, then its decision may change upon properly considering the evidence.

Conversely, the ALJ could very well come to the same decision on remand. However, if that is the case, the ALJ must provide additional explanation for such a decision. As such, the Court **vacates** the decision of the ALJ and **remands** for proceedings consistent with the above analysis.

**ACCORDINGLY**, it is on this  **8th**  day of  **MAY**  2020,

**ORDERED** that the decision of the Administrative Law Judge is **VACATED** and the case is **REMANDED** for further proceedings consistent with this Memorandum Opinion; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** the above-captioned case.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge